## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

CLERK OF COURT

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0731-12 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | (Motion to Dismiss Indictment) |
| RICARDO BLANCO BANIAGA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion and Memorandum of Points and Authorities to Dismiss Indictment. Defendant Ricardo Blanco Baniaga ("Defendant") is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") are represented by Assistant Attorney General Sean E. Brown. After reviewing the pleadings and arguments, the Court now issues the following Decision and Order DENYING Defendant's Motion to Dismiss.

## BACKGROUND

On January 8, 2013, Defendant was indicted on charges of Family Violence (As a third Degree Felony) and Aggravated Assault (As a Third Degree Felony). The First Charge alleges that on or about October 8, 2012, Defendant committed Family violence in that he recklessly placed Rechie Baniaga ("Victim") in fear of bodily injury. Indictment at 1. The Second Charge alleges that on or about October 8, 2012, Defendant committed Aggravated Assault in that he recklessly caused or attempted to cause serious bodily injury to Victim with a deadly weapon or knife. Indictment at 1-2.

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12

On May 13, 2013, Defendant filed Motion and Memorandum of Point and Authorities to Dismiss Indictment ("Motion to Dismiss"). The People filed People's Opposition to Motion to Dismiss ("Opposition") on May 22, 2013.

## DISCUSSION

Defendant requests dismissal of the Indictment based upon the following points: (1) Officer Atoigue made misstatements in his testimony as to what statements were made by a material witness; (2) Victim was never interviewed by police, and no testimony was presented to the Grand Jury showing Victim was placed in fear of bodily injury or that Defendant threatened Victim; and (3) there was no evidence Defendant recklessly caused or attempted to cause bodily injury to Victim.

An indictment should not be dismissed "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *Guevara v. Superior Court*, 62 Cal.App.4th 864, 869 (Cal.Ct.App.1998) (citation omitted). Title 8 GCA § 50.54(b) provides that "[t]he grand jury *shall* find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (2013). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Graio*, 1987 WL 109393 at * 2 (D. Guam 1987) (citations omitted).

The grand jury should receive only competent evidence. *See* 8 GCA § 50.42 (2013). Competent evidence is evidence that a reasonable person would rely upon in conducting his or her daily affairs. *See People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). Title 8 GCA § 50.46 states that "[t]he grand jury shall receive only evidence presented to it by the

prosecuting attorney *but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt* and the grand jury shall weigh all the evidence submitted." 8 GCA § 50.46 (2013) (emphasis added). In *Brady v. Maryland*, 373 U.S. 83, the Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment. . . ." 373 U.S. at 87. "Mistakes in testimony, misstatements, or the failure to prevent exculpatory evidence will not serve as grounds to dismiss an indictment where they do not 'amount to flagrant deception or overreaching of a grand jury.'" *People v. Palomo*, 1993 WL 129624 * 5 (D. Guam 1993) (quoting *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988)). "Dismissal of an indictment is a disfavored remedy." *Id.* (citing *United States v. Rogers*, 751 F.2d 1074, 1076–1077 (9th Cir.1985)).

Title 9 GCA § 30.10(a) defines "Family Violence" as follows:

As used in this Chapter:

*(a)     Family violence means the occurrence of one (1) or more of the following acts by a family or household member, but does not include acts of self-defense or defense of others:*

> (1)     Attempting to cause or causing bodily injury to another family or household member;
>
> *(2)     Placing a family or household member in fear of bodily injury.*

9 GCA § 30.10(a) (2013) (emphasis added). Title 9 GCA § 30.20(a) states that "[a]ny person who intentionally, knowingly, or *recklessly* commits an act of family violence, as defined in § 30.10 of this Chapter, is guilty of a misdemeanor, or of a third degree felony." 9 GCA § 30.20(a) (2013) (emphasis added).

Title 9 GCA defines "Aggravated Assault" as follows:

**§ 19.20. Aggravated Assault; Defined & Punished.**

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12

*(a)     A person is guilty of aggravated assault if he either recklessly causes or attempts to cause:*

> (1)     serious bodily injury to another in circumstances manifesting extreme indifference to the value of human life;
>
> (2)     serious bodily injury to another;
>
> *(3)     bodily injury to another with a deadly weapon.*

9 GCA § 19.20(a) (2013) (emphasis added). Title 9 GCA defines "Attempt" and provides:

**§ 13.10. Attempt: Defined.**

A person is guilty of an attempt to commit a crime when, with intent to engage in conduct which would constitute such crime were the circumstances as he believes them to be, *he performs or omits to perform an act which constitutes a substantial step toward commission of the crime.*

9 GCA § 13.10 (2013) (emphasis added).

First, Defendant argues the Indictment should be dismissed, since Officer Atoigue's testimony to the Grand Jury was inconsistent with Gerald Baniaga's statement made to police. Motion to Dismiss at 4. The People contend that even if Officer Atoigue made an error attributing one witness's statement to another witness, an indictment is not void where there is sufficient competent evidence to indict. Opposition at 2. The People note Defendant's neighbor, Charo Obra, reported she witnessed Defendant chase Victim while carrying a knife and screwdriver. *Id.*

The Court agrees with the People and finds sufficient competent evidence to support the charges of Family Violence and Aggravated Assault. During the Grand Jury proceeding, Officer Atoigue testified that Gerald Baniaga reported to have seen his father, Defendant, chase his mother, Victim, with a knife and screwdriver. In contrast, Officer Cabe's police report states Gerald Baniaga witnessed his parents arguing, saw Defendant approach Victim with a knife and screwdriver, and overheard Defendant ask Victim, "What are you going to the

police?" The police report further states that Gerald Baniaga witnessed Defendant grab Victim and leave the residence in a blue car. The Court does not dispute the inconsistencies in Officer Atoigue's Grand Jury testimony, as Gerald Baniaga reported to have witnessed Defendant approach Victim with a knife and screwdriver but made no mention of a chase. The Court, however, notes that it was Defendant's neighbor, Charo Obra, who reported to have witnessed Defendant chase Victim while carrying a knife and screwdriver. Officer Atoigue presented Charo Obra's statement to the Grand Jury; therefore, the Court determines that Officer Atoigue's misstatement does not warrant dismissal, as there is competent evidence Defendant chased Victim with a deadly weapon.

Second, Defendant argues the First Charge of Family Violence should be dismissed, since there was no evidence presented to the Grand Jury establishing Victim was placed in fear of bodily injury. Motion to Dismiss at 4-5. The People contend Victim was place in fear of bodily injury, and this was exhibited from the fact Victim ran from Defendant. Opposition at 3.

The First Charge alleges that on or about October 8, 2012, Defendant committed Family violence in that he recklessly placed Victim in fear of bodily injury. The Court agrees with The People that Charo Obra's statement indicating Victim fled from Defendant as he chased her with a knife and screwdriver, sufficiently shows Victim was placed in fear of bodily injury, and this fact was presented to the Grand Jury.

Finally, Defendant argues the Second Charge of Aggravated Assault should be dismissed, because there was no evidence presented to the Grand Jury that Defendant recklessly caused or attempted to cause bodily injury to Victim. Motion to Dismiss at 5. The People argue attempt only requires a substantial step towards the commission of the crime. Opposition at 3. The People indicate Defendant intended to injure Victim and took a

substantial step towards committing bodily injury when he chased Victim with a knife and screwdriver. *Id.*

The Court agrees with The People and finds there are sufficient facts to charge Defendant with Aggravated Assault. The Second Charge alleges on or about October 8, 2012, Defendant committed Aggravated Assault in that he recklessly caused or attempted to cause serious bodily injury to Victim with a deadly weapon or knife. The fact Defendant attempted to cause bodily injury to Victim by chasing her with a knife and screwdriver was presented to the Grand Jury. This constitutes a substantial step towards putting Victim in fear of imminent bodily injury, since attempt requires that Defendant's act constitutes a substantial step towards the commission of the crime. The crime of Aggravated Assault was completed when Defendant allegedly chased Victim with a knife and screwdriver.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** in its entirety. Further proceedings are set for _Sept. 12, 2013 at 9:00 am_

**SO ORDERED** this _5th_ of September 2013.

> HONORABLE MICHAEL J. BORDALLO
> JUDGE, SUPERIOR COURT OF GUAM

SEP - 5 2013

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12